```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARIE GUERRERA TOOKER,

                        Plaintiff,
                                                MEMORANDUM & ORDER
             -against-                          15-CV-2430(JS)(ARL)

SALVATORE GUERRERA, QUEST VENTURES, LTD.,
DAVID DEROSA, DIRECTIONAL LENDING LLC,
DAVID REILLY, TOWN OF RIVERHEAD POLICE
DEPARTMENT, SOCIETY FOR PREVENTION OF
CRUELTY TO ANIMALS, CHILD PROTECTIVE
SERVICES, JOHN AND JANE DOES 1-100,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Marie Guerrera Tooker, pro se
                        1040 Flanders Road
                        Flanders, NY 11901

For Defendants:
Salvatore Guerrera      Raymond Grasing, Esq.
and Quest Ventures      Grasing and Associates, P.C.
                        99 Smithtown Blvd, Suite 6
                        Smithtown, NY 11787

David DeRosa and
Directional Lending LLC Christopher H. Thompson, Esq.
                        Law Offices of Christopher Thompson
                        33 Davison Lane East
                        West Islip, NY 11795

David Reilly            Daniel K. Cahn, Esq.
                        Cahn & Cahn, LLP
                        22 High Street, Suite #3
                        Huntington, NY 11743

Town of Riverhead       Daniel P. Barker, Esq.
Police Department       Christopher B. Abbott, Esq.
                        Smith, Finkelstein, Lundberg,
                          Isler and Yakaboski, LLP
                        456 Griffing Avenue
                        Riverhead, NY 11901
```

| | |
|---|---|
| Society for Prevention of Cruelty to Animals | David Charles Blaxill, Esq.<br>Hardin Kundala McKeon & Poletto P.A.<br>110 William Street<br>New York, NY 10038 |
| Child Protective Services | Brian C. Mitchell, Esq.<br>Suffolk County Attorney<br>100 Veterans Memorial Highway<br>P.O. Box 6100<br>Hauppauge, NY 11788 |

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), recommending that this Court grant defendant Town of Riverhead Police Department's (the "Police Department") motion to file a late pre-answer motion to dismiss. (Docket Entry 33.) For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

Pro se plaintiff Marie Guerrera Tooker ("Plaintiff") commenced this action on April 29, 2015, asserting claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et. seq. The Complaint alleges, in relevant part, that Police Department officials acted in concert with defendant Society for Prevention of Cruelty to Animals ("SPCA") and former defendant Child Protective Services to raid Plaintiff's property and remove Plaintiff and her children from their home. (Compl. ¶ 35.)

On November 23, 2015, the Police Department moved for leave to file a late pre-answer motion to dismiss. (Docket Entry 33.) Robert Kozakiewicz, Esq., the Town Attorney for the Town of Riverhead (the "Town"), alleges that the Police Department's legal defense is generally covered by Vericlaim, Inc. ("Vericlaim"), the Town's third party administrator to their insurance carrier. (Def.'s Aff., Docket Entry 33-2, ¶ 3.) Mr. Kozakiewicz avers that the summons and complaint in this action was forwarded to Vericlaim by email; however, the Vericlaim office that the Town regularly contacted closed without notice. (Def.'s Aff. ¶ 3.) As a result, the Town's insurance carrier did not arrange for the Police Department's defense and a pre-answer motion to dismiss was not filed. (Def.'s Aff. ¶ 3.) Mr. Kozakiewicz alleges that he was reminded of this lawsuit on November 17, 2015, when he received a response to SPCA's motion to dismiss. (Def.'s Aff. ¶ 4.) The following day, Mr. Kozakiewicz transferred the file to outside counsel. (Def.'s Aff. ¶ 4.)

On April 12, 2016, the undersigned referred the Police Department's motion to Judge Lindsay for a report and recommendation. (Docket Entry 44.) On June 28, 2016, Judge Lindsay issued her R&R. (Docket Entry 45.) Judge Lindsay concluded that: (1) the Police Department's miscommunication with its insurance carrier was not willful; (2) the Police Department has a potentially meritorious defense to Plaintiff's claims

because "it is merely an administrative arm of the Town of Riverhead . . . and, as a municipality, is incapable of forming the requisite criminal intent for RICO liability"; and (3) Plaintiff will not be prejudiced by the filing of a late pre-answer motion to dismiss. (R&R at 3-4.) The R&R recommends that the Police Department be permitted to file a late pre-answer motion to dismiss. (R&R at 4.)

On July 25, 2016, Plaintiff filed an affidavit objecting to the R&R ("Plaintiff's Objections"). (Pl.'s Obj., Docket Entry 46.)

DISCUSSION

The Court will first address the standard of review before turning to Plaintiff's Objections specifically.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part,

4

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation that they are objecting to. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted). Nevertheless, "leniency is generally accorded" to pro se litigants. Id. (internal quotation marks and citation omitted).

II. Plaintiff's Objections

The Court construes Plaintiff's Objections as: (1) requesting that the Town be substituted for the Police Department as a defendant in this action (Pl.'s Obj. ¶ 11), and (2) objecting to Judge Lindsay's conclusion that the Police Department's conduct was not willful and arguing that "[i]f an

5

insurance company closes an office they don't close their e-mail."[1] (Pl.'s Obj. ¶ 35.)

<u>First</u>, as Plaintiff concedes, "[a] local police department, such as the Town of Riverhead Police Department, is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued." <u>Faber-Womack v. Town of Riverhead Police Dep't</u>, No. 08-CV-2368, 2009 WL 2983022, at *2 (E.D.N.Y. Sept. 10, 2009). Thus, claims against the Police Department are more appropriately asserted against the Town. <u>Id.</u> In light of Plaintiff's <u>pro se</u> status, the Court will construe her claims against the Police Department as claims against the Town.

<u>Second</u>, the Court finds that Judge Lindsay correctly determined that the Police Department's conduct was not willful. (R&R at 3-4.) In determining whether default should be set aside for "good cause" pursuant to Federal Rule of Civil Procedure 55(c), the Court considers three factors: "(1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice

---

[1] The Court finds that Plaintiff's allegations regarding: (1) the Police Department's co-defendants, (2) non-parties to this action, and (3) the Police Department's alleged criminal acts and failure to prosecute complaints, (<u>see,</u> e.g., Pl.'s Obj. ¶¶ 13, 33, 41, 44-48), are not relevant to the determination of the Police Department's motion for leave to file a late pre-answer motion to dismiss.

6

the party for whom default was awarded." State Farm Mut. Auto. Ins. Co. v. Cohan, 409 F. App'x 453, 455 (2d Cir. 2011). However, a determination that the defendant's conduct is willful requires "something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a relevant factor to be considered." Chudomei v. Dynamic Recovery Servs. Inc., No. 12-CV-5365, 2013 WL 5970613, at *3 (E.D.N.Y. Nov. 18, 2013) (internal quotation marks and citation omitted).

As aptly noted by Judge Lindsay, it is unclear why the Police Department did not follow up with Vericlaim after the summons and complaint was emailed. (R&R at 3.) Nevertheless, the Court concurs that the Police Department's conduct was neither egregious nor founded in bad faith. While Plaintiff appears to argue that even if Vericlaim's office closed, its email account would still remain active, (Pl.'s Obj. ¶ 35), the Court finds that the Police Department has offered a satisfactory explanation and this apparent miscommunication falls under the purview of "mere negligence." See Chudomei, 2013 WL 5970613, at *3. Contrary to Plaintiff's contention, there is no need to review any alleged payments by the Police Department to Vericlaim and/or emails

between these entities. (Pl.'s Obj. ¶ 35.) Accordingly, Plaintiff's Objections are OVERRULED.[2]

CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED and the Court ADOPTS Judge Lindsay's R&R (Docket Entry 45) in its entirety. The Police Department is directed to file its motion to dismiss as a separate entry on ECF within fourteen (14) days of the date of this Memorandum and Order. All claims against the Town of Riverhead Police Department are dismissed with prejudice and the Clerk of the Court is directed to replace this Defendant with the Town of Riverhead. The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August __24__, 2016
       Central Islip, New York

---

[2] In its reply, the Police Department requests that the Court: (1) deem its motion to dismiss served and filed, and (2) grant its motion to dismiss. (Def.'s Reply, Docket Entry 43, ¶7.) However, the Police Department failed to make this request in its initial moving papers. (See generally Def.'s Not. of Mot., Docket Entry 33.) Accordingly, the Court declines to deem the Police Department's motion served and filed and will not render a determination on the merits at this time.